UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 96-080-FJL

UNITED STATES OF AMERICA,

    Plaintiff,

ORDER ON INITIAL APPEARANCE
Language _English_
Tape No. _96-75-FJL_
AUSA _D. Acosta_
Agent _U.S. Marshal_

v.

JAMES CAIN
    Defendant.
_____/

The above-named defendant having been arrested on _12/11/96_, having appeared before the court for initial appearance on _12/12/96_, and proceedings having been held in accordance with F.R.C.P. 5 or 40(a), it is thereupon
    ORDERED as follows:

1. _____ appeared as permanent/temporary counsel of record.

    Address: _____

    Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.

    Address: _____

    Zip Code: _____ Telephone: _____

3. The defendant ~~shall attempt to retain counsel and shall appear before the court at~~ on _reserves rights to counsel in open court_, 19___.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _____, 19___.

5. The defendant ~~is held in temporary pretrial detention pursuant to 18 U.S.C. 3142(d) or (f) because~~ _is remanded to US Marshal AND All further hearings To be held before Parole Commission_.
A detention hearing, pursuant to 18 U.S.C. 3142(f), is set for _____, 19___.

6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18: U.S.C. 3142:

_____

_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

___ b. Report to Pretrial Services as follows: ____ times a week by phone ____ times a week in person; other: _____

___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

___ d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following curfew: _____

—1—

SD/F M-1
Rev. 7/90

96-080-FJL
James Cain

___ i. Comply with the following additional special conditions of this bond: _____

_____

This bond was set:  At Arrest       _____

                        On Warrant    _____

                        After hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

___ If this space is checked, an evidentiary hearing pursuant to *United States v. Nebbia*, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post the bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

DONE AND ORDERED at Ft. Pierce, this 12th day of December, 1996.

_____
UNITED STATES MAGISTRATE Judge

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD TO Pretrial Services

SD/F M-1
Rev.7/90

—2—

## U.S. DEPARTMENT OF JUSTICE
### UNITED STATES PAROLE COMMISSION

## WARRANT APPLICATION

96-080-
FJL

| | | | |
|---|---|---|---|
| Case Of | Cain, James | FBI No | YR5465X10 |
| Reg. No | 02815-041 | Birth Date | 1/12/61 |
| Issuing Region | Eastern Region | Race | W |
| Date | December 10, 1996 | Parole Termination Date | 8/30/97 |
| District From | Northern District of Iowa | Violation Date | 10/22/96 |
| District To | Southern District of Florida | Released | 2/26/93 |
| Transferred To | | Sentence Length | 5 Yrs w/3 Yrs SPT(orig); 1552 Days (PV) |

Original Offense........ Conspiracy to Distribute Cocaine; Distribution and Possession of Cocaine

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

CHARGES:

Charge No. 1 - Leaving the District Without Permission. On or about 10/22/96, subject traveled from the Eastern District of California to Verdi, Nevada. Subject did not have USPO or USPC permission to leave the Eastern District of California. This charge is based on information contained in the letter dated 12/3/96 from USPO Hogan.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 2 - Law Violation: Issuing Worthless Check. On or about 11/2/96, subject issued a check in the amount of $950, payable to Art and Patrice Kinberg. The check was returned on 11/18/96 for insufficient funds. This charge is based on information contained in the letter dated 12/3/96 from USPO Hogan.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 3 - Leaving the District Without Permission. On or about 11/7/96, subject traveled from the Eastern District of California to Tijuana, Mexico. Subject did not have USPO or USPC permission to leave the Eastern District of California nor to leave the country. This charge is based on information contained in the letter dated 12/3/96 from USPO Hogan.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 4 - Failure to Abstain from the Use of Alcoholic Beverages. From on or about 11/1/96 until 11/20/96, subject consumed alcohol. This charge is based on information contained in the letter dated 12/3/96 from USPO Hogan.
I ADMIT [ ] or DENY [ ] this charge.

Preliminary Interview Is Required

Warrant Request Received.... 12/5/96
Warrant Issued................... December 10, 1996
District Sent To................. Southern District of Florida

( ) Commission    ( ) Inmate    ( ) Institution

Warrant Recommended By: _____
Helen A. Herman, Case Analyst
U.S. Parole Commission.

( ) USPO    ( ) Interviewing Officer    ( ) Chron

James Cain  Reg. No. 02815-041
Warrant Application
Page 2 of 2



# UNITED STATES PROBATION FAX

**CONFIDENTIALITY NOTICE:** The pages comprising this facsimile transmission contain confidential information from the United States Probation Office. This information is intended solely for the use of the individual entity named as the recipient hereof. If you are not the intended recipient, be aware, any disclosure, copying, distribution or use of the contents of this transmissions prohibited. If you have received this transmission in error, please notify us by telephone immediately so we may arrange to retrieve this transmission at no cost to you.

## FAX TRANSMITTAL SHEET

DATE: 12/11/96      NUMBER OF PAGES: 3

TO: Faye Smith

FAX NUMBER: (561) 595-9894

FROM: Patrick Hogan

DOCUMENT DESCRIPTION: James Cain — Parole Violator — copy of Warrant Application — Hearing (app of counsel) 12/12/96 9:30 a—)

**SOUTHERN DISTRICT/FLORIDA**
**FT. PIERCE DIVISION**

| U.S. PROBATION | | |
|---|---|---|
| 505 S. 2nd STREET | Michael J. Thompson | SUSPO |
| SUITE 320 | Danny J. Absten | USPO |
| FT. PIERCE, FL 34950 | Patrick B. Hogan | USPO |
|  | Kirk D. Scheuerman | USPO |
|  | Marschall Van Doren | USPO |
| (561) 465-9280 | Deloris Goodson | OFC. MGR. |
| FAX # (561) 460-6806 | Cathy Cherry | SUPPORT SPEC. |